

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. AP-75,381

---

### EX PARTE LIONEL FLORES, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 95-4-3401 IN THE 24TH DISTRICT COURT
### FROM  REFUGIO COUNTY

---

*Per curiam.*

### OPINION

This is a post-conviction application for a writ of habeas corpus forwarded to this Court pursuant to TEX. CODE CRIM. PROC. Article 11.07, § 3.  Applicant was convicted of burglary of a habitation and punishment was assessed at confinement for ten years when his community supervision was revoked.  There was no appeal from this conviction.

Applicant contends that he has improperly been classified as ineligible for release on mandatory supervision.  The trial court has entered findings that Applicant committed this offense on January 28, 1995, that the specific method of commission was entry with intent to

commit theft, and that Applicant is serving no other sentences.  The court also found that Applicant's release date for mandatory supervision is January 25, 2011, which reflects that Applicant is classified as ineligible for mandatory supervision.

Burglary of a habitation with intent to commit theft is eligible for mandatory supervision if the offense was committed before September 1, 1996, and there is no finding that any party to the offense was armed with explosives or a deadly weapon or that any party to the offense injured or attempted to injure anyone in effecting entry or while in the building or in immediate flight from the building.  See Article 42.18, § 8(c)(11) TEX.CODE CRIM.PROC. (1995).  The provisions of Gov't Code § 508.149 pertaining to first degree felony burglaries of habitations do not apply to offenses committed before September 1, 1996.  Applicant is entitled to relief.

Relief is granted.  The Texas Department of Criminal Justice, Criminal Institutions Division, shall correct Applicant's records to reflect that his sentence in cause number 95-4-3401 in the 24th Judicial District Court of Refugio County is eligible for release on mandatory supervision.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Criminal Institutions and Parole Divisions.


DELIVERED: April 12, 2006
DO NOT PUBLISH